UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM COBB,

                            Plaintiff,

    -against-                                     1:05-CV-1580
                                                                        (LEK)

UNITED STATES OF AMERICA,

                            Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. BACKGROUND

Petitioner, William Cobb ("Petitioner" or "Cobb"), was arrested on October 7, 2002 for six counts of distributing crack cocaine. Govt's Brief (Dkt. No. 3) at 2. Petitioner pled guilty to one count (count six) of the indictment and the other five counts were dropped pursuant to a written plea agreement. Id. Petitioner admitted that on October 4, 2002, he possessed with intent to distribute more than 5 grams of crack cocaine to a confidential informant in the Northern District of New York. Id. The plea agreement also specified that Petitioner waived his right to attack a sentence of a 120 months or less, and that the agreement was limited to the Northern District of New York and not binding on any other District. Plea Agreement (Dkt. No. 4, Ex. C).

On October 27, 2003, a Rule 11 proceeding was held to ensure that Petitioner understood his rights and the consequences of signing the plea agreement. Govt's Brief (Dkt. No. 3) at 2. The transcript of the proceeding shows that Petitioner signed the plea agreement voluntarily. Plea Hearing (Dkt. No. 4, Ex. B). The Court also informed Petitioner that by signing the agreement, he

---

[1] For printed publication in the Federal Reporter.

waived the right to attack a sentence of less than 120 months. Plea Agreement (Dkt. No. 4, Ex. C). On April 22, 2004, Cobb was sentenced to 120 months incarceration and 8 years of supervised release. Govt's Brief (Dkt. No. 3) at 2-3.

Petitioner thereafter appealed to the Second Circuit. Id. at 3. Petitioner's attorney concluded that, after reviewing the record, there was no appealable issue that would be wholly non-frivolous. Anders Brief (Dkt. No. 4, Ex. A). Accordingly, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), asking to be relieved as counsel. Id. The Second Circuit agreed with counsel, relieved counsel of his duties and denied the appeal. Govt's Brief (Dkt. No. 3) at 3; Mandate (Case No. 1:02-cr-0403, Dkt. No. 73).

Petitioner, acting *pro se,* now petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Petitioner's Petition (Dkt. No. 1). Petitioner alleges that he received ineffective assistance of counsel because (1) his appellate counsel filed an Anders brief against his wishes and (2) the plea agreement was not properly explained to him by counsel. Id. at 3-4. Petitioner further claims that the Government did not adhere to the plea agreement by allowing the U.S. Attorney for the Eastern District of New York to file additional charges. Id. at 4.

## II. DISCUSSION

### A. Waiver of Appeal

A waiver of the right to appeal a sentence contained in a valid plea agreement is enforceable. United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); United States v. Booker, 543 U.S. 220 (2005). Petitioner waived his right to attack his sentence of 120 months. His plea agreement specifically states:

2

> WILLIAM COBB acknowledges that, after consultation with his defense counsel, he fully understands his rights to appeal, and/or to collaterally attack under 28 U.S.C. §2255, the sentence in this case. The Defendant waives all rights,... to appeal or collaterally attack any sentence of imprisonment of 120 months or less...

Plea Agreement (Dkt. No. 4, Ex. C) at ¶13.

Furthermore, during the Rule 11(b) proceeding, Petitioner specifically stated that he understood the above paragraph of the plea agreement. Plea Hearing (Dkt. No. 4, Ex. B) at 16-17. Petitioner knowingly and voluntarily waived his right to attack his sentence and, therefore, his Petition under 28 U.S.C. § 2255 is dismissed.

However, even if Petitioner did not waive his rights to attack his sentence, the Court finds that Petitioner's individual claims fail on the merits as well. Petitioner's claims are addressed below.

### B. Ineffective Assistance of Counsel

For a habeas corpus petitioner to prevail on a claim of ineffective counsel, he must satisfy the two-part test as established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness", and second, the petitioner must establish that there is a "reasonable probability" that but for counsel's error, the outcome of his case would have been different. Strickland, 466 U.S. at 688-694. The Strickland test was originally formulated for claims of ineffective counsel in trial court proceedings, however later cases have applied the same test to appellate counsel. See, e.g., McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992),

cert. denied, 508 U.S. 912 (1993); Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990).

### i. *Anders* brief

Appellate counsel may request permission from the court to withdraw from the case, if after "conscientious examination" of the case, counsel concludes that the appeal would be completely frivolous.  Anders v. California, 386 U.S. 738, 744 (1967).  Appellate counsel must do more than file a letter with the court stating that there is no appealable issue.  Anders, 386 U.S. at 744.  Counsel must file a brief containing all issues that might "arguably support the appeal."  Id. at 744.  If the appellate court agrees, it will grant the request and dismiss the appeal, but if the court finds any of the legal points arguable on the merits, it must provide an indigent defendant the assistance of counsel to argue his appeal.  Id. at 744.  The submission of an Anders brief does not meet the Strickland standard for ineffective assistance if the request to withdraw is granted by the court.  See id. at 745 ("such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled").

In this case, Petitioner's former counsel fulfilled all the requirements set forth in Anders and its progeny.  The brief contained all questionable issues that may be raised on appeal and further explained why these issues will not succeed.  Anders Brief (Dkt. No. 4, Ex. A).  On November 16, 2005, the Second Circuit accepted the brief and thereby affirmed that there are no non-frivolous issues which may be appealed.  Mandate (Case No. 1:02-cr-0403, Dkt. No. 73).  Upon review of the record this Court arrives at the same conclusion, there are no appealable issues.

### ii. Was the Plea Agreement Properly Explained by Petitioner's Counsel?

Petitioner, a convicted Defendant, also claims that he received ineffective counsel because

the plea agreement was not properly explained to him by counsel. In order to succeed on this claim, Petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Next, the Court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Petitioner must also overcome the strong presumption that counsel rendered adequate counsel. Id.

In this case, Petitioner has not rebutted the presumption with specific facts. Therefore, the actions of Petitioner's counsel is considered legally adequate. The requirements of Rule11(b) of the *Federal Rules of Criminal Procedure* were met for this Court to accept the Defendant's guilty plea. The plea minutes undeniably show that this Court was diligent in ensuring that the plea agreement was entered into knowingly and voluntarily. Plea Hearing (Dkt. No. 4, Ex. B). Petitioner admitted on the record that he read and understood the charges against him and that his counsel explained the indictment to him. Id. at 5-7. Furthermore, Petitioner admitted that he was satisfied with the efforts of his counsel and that he understood the consequences of pleading guilty. Id.

The Court also notes that Petitioner admits on his own application for habeas relief that this issue is not meritorious. Petitioner's Petition (Dkt. No. 1). And, Petitioner stated to the Court during his sentencing, "I thank my lawyer for doing all the best he can for me and bless you all." Sentencing Hearing (Dkt. No. 5, Ex. D) at 17.

### C. The Government Did Not Adhere to the Terms of the Agreement

Petitioner further claims that a superceding indictment cannot be filed in the Eastern District of New York. Petitioner incorrectly assumes that his plea agreement in the Northern District of

New York would shield him from unrelated charges that are brought against him in other jurisdictions. The plea agreement specifically provides that the agreement is limited to the Northern District of New York. Plea Agreement (Dkt. No. 4, Ex. C) at ¶10.

Furthermore, the dates from the Eastern District indictment are different from the dates of the Northern District indictment. <u>Compare</u> E.D.N.Y. Indictment (Dkt. No. 5, Ex. F) <u>with</u> N.D.N.Y. Indictment (Case No. 1:02-cr-0403, Dkt. No. 8). Petitioner's plea agreement in the Northern District pertains to crimes committed in 2002, specifically, May 15, May 22, September 18, September 20, September 27 and October 4. N.D.N.Y. Indictment (Case No. 1:02-cr-0403, Dkt. No. 8) The Eastern District indictment pertains to crimes committed between 2000 and 2002, and a specific charge on February 7, 2002. Superceding Indictment (Dkt. No. 5, Ex. F). Petitioner's agreement in the Northern District is unrelated to any charges brought in the Eastern District.

Moreover, Petitioner's attorney stated during sentencing:

> This is the Northern District of New York, it is not the Eastern District of New York. This man was charged in the Northern District of New York. He has answered all questions truthfully about his relevant conduct in the Northern District of New York. If the Eastern District wants to indict him and sentence him, that's the Eastern District's problem. *This Court should confine itself to the Northern District and this indictment*.

Sentencing Hearing (Dkt. No. 5, Ex. D) at 12-13 (emphasis added).

For the reasons stated above, this Court finds that Petitioner's plea agreement in the Northern District of New York is not binding upon the Eastern District of New York.

Petitioner's Petition for, a writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255, is denied in its entirety.

**CONCLUSION**

Therefore, based upon the foregoing discussion it is hereby

**ORDERED**, that Petitioner's Petition, pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Dkt. No. 1), is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED:  November 20, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge